UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Matthew Phillips</u>

    v.                                                    Case No. 20-cv-1033-PB

<u>New Hampshire Circuit Court, 8th Circuit,</u>
<u>Family Division-Keene; and New Hampshire</u>
<u>Administrative Office of the Courts</u>

**<u>REPORT AND RECOMMENDATION</u>**

    Plaintiff, Matthew Phillips, has filed a complaint in forma pauperis, alleging that the defendant state court ("Keene Court") and the defendant New Hampshire Administrative Office of the Courts violated his federal rights and engaged in tortious conduct, in causing an unredacted recording of a sealed and closed state court proceeding to be released, which disclosed his testimony regarding his history of mental health issues. The complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2).

<u>Background</u>

    Mr. Phillips alleges that prior to April 29, 2016, he testified regarding his medical and mental health history in a state court hearing that had been sealed and closed to the public. <u>See</u> <u>In re Phillips</u>, No. 649-2014-DM-00397 (N.H. Cir.,

8th Cir. Family Div.-Keene).  After the hearing at issue ended, an employee of that court's clerk's office mistakenly released an unredacted audio recording of that proceeding to a third party who requested it.  Mr. Phillips's testimony was subsequently published on YouTube and became accessible through a link on the Facebook page of an organization called "Stop Free Keene."  Mr. Phillips filed a state court lawsuit to enjoin further publication of that recording, naming the same two state defendants as he did in this case, plus Stop Free Keene.  See Phillips v. Stop Free Keene, No. 213-2016-cv-00070 (N.H. Super., Hillsborough Cnty. S.D.) ("Stop Free Keene").  Mr. Phillips obtained a preliminary injunction in that case (which he has attached as an exhibit to the Complaint here), enjoining further dissemination of the sealed portion of the state court record, requiring Stop Free Keene to submit the original audio recording and any copies of it to the Superior Court, and directing Stop Free Keene and its members to remove pertinent links from Facebook, Twitter, YouTube, and other websites.  See Apr. 29, 2016 Order, id. (Doc. No. 1, at 7-9).  The state court docket in Stop Free Keene indicates that Mr. Phillips, through counsel, moved voluntarily to dismiss that case, and the Superior Court granted that motion on June 3, 2016, dismissing that case without prejudice, with leave to refile.  See June 3, 2016

2

Order, Stop Free Keene (Index No. 16).  While it is not clear upon the record available to this court whether Mr. Phillips took any steps thereafter to refile a similar state court case, he has stated in his Complaint here that there is "no active case on the state level anymore," and that he "filed a dismissal request in 2018 which was granted."  Compl. (Doc. No. 1), at 4.  Mr. Phillips further alleges, however, that clips of the audio recording of the state court hearing remain available on YouTube through "multiple false accounts."  Id.

In the Complaint here, Mr. Phillips asserts claims for damages and injunctive relief.  Specifically, he seeks an order restraining all Keene Court "family or civil matters for the duration of this case."  Compl. (Doc. No. 1), at 4.  Liberally construed, his claims are asserted under 42 U.S.C. § 1983; the Fourteenth Amendment; the Privacy Rule (45 C.F.R. Pt. 160, 45 C.F.R. Pt. 164, Subpts. A & E) under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320d to 1320d-9; and state tort law.

## Discussion

I.   Preliminary Review

   A.   Standard

In determining whether a pro se complaint states a claim,

3

the court construes the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

> B.   Eleventh Amendment
>
> The Eleventh Amendment provides a state immunity from "any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State."  It is now well established that such immunity also applies to suits brought by a state's own citizens.

Sinapi v. R.I. Bd. of Bar Exam'rs, 910 F.3d 544, 553 (1st Cir. 2018) (citations omitted).  The two defendants in this case are state agencies, not individual state officers.  See Mabardy v. Grafton Cnty., No. 19-CV-223-PB, 2019 WL 6879365, at *9, 2019 U.S. Dist. LEXIS 217065, at *25 (D.N.H. Nov. 22, 2019) ("A state court is treated like a state for purposes of the Eleventh Amendment."), R&R adopted, 2019 WL 6879213, 2019 U.S. Dist. LEXIS 216556 (D.N.H. Dec. 17, 2019).  No exception to the Eleventh Amendment's bar on claims against a state appears applicable here.  Cf. Va. Office for Prot. & Advocacy v.

4

Stewart, 563 U.S. 247, 253-54 (2011) (discussing Eleventh Amendment exceptions). Accordingly, all of the claims asserted against the defendants in this action should be dismissed as barred by the Eleventh Amendment.

### C. HIPAA Privacy Rule

Furthermore, even if there were individual state actors named as defendants here, neither HIPAA nor the HIPAA Privacy Rule provides Mr. Phillips with a private right of action for damages or injunctive relief. See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). Accordingly, an additional ground for dismissing the HIPAA claims in this case arises from the absence of a private right of action for such claims.

### D. 42 U.S.C. § 1983 and the Fourteenth Amendment

An independent ground for dismissing the claims asserted under section 1983 and the Fourteenth Amendment is Mr. Phillips's failure to state a claim. To state a constitutional tort or other civil rights claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, the plaintiff must allege facts showing that the defendant possessed a purposeful, knowing, or reckless state of mind, as "'liability for negligently inflicted harm is categorically beneath the

threshold of constitutional due process.'" Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (emphasis in original, citation omitted).  Mr. Phillips has specifically pleaded that the state court employee's release of the unredacted recording was a mistake.  The complaint here fails to assert facts alleging any acts or omissions of the defendants more culpable than negligence.  For that reason, Mr. Phillips has failed to state a claim under § 1983 upon which relief can be granted for any violations of his rights under the Fourteenth Amendment.

    E.   <u>Tort Claims</u>

Mr. Phillips has asserted that he intends to plead tort claims.  As there is no federal law of tort that could provide a cause of action for such claims, see Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938), the court would necessarily look to state tort law to provide a rule of decision.  Even if the court were to conclude that the negligence claims pleaded by Mr. Phillips survived the Eleventh Amendment, such claims would be properly dismissed pursuant to 28 U.S.C. § 1367(c), as Mr. Phillips has failed to state any viable federal claims for relief upon which the court's original jurisdiction may be based.

6

## II. Injunctive Relief

"'A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted). The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis. See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). The burden of proof is on the movant. See Esso Std. Oil Co., 445 F.3d at 18.

Mr. Phillips seeks preliminary injunctive relief, directing defendants to stop conducting family court and civil proceedings while this action is pending. Such relief is not available, however, as Mr. Phillips has failed to plead facts demonstrating he is likely to succeed on the merits of his claims in this case, and he has failed to show that irreparable harm will occur unless such relief is granted. Accordingly, his request for a restraining order or other preliminary injunctive relief set forth in the Complaint should be denied.

<u>Conclusion</u>

For the foregoing reasons, the district judge should dismiss all of the claims in this case, deny Mr. Phillips's request for a restraining order or other injunctive relief, enter judgment, and direct that this case be closed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. <u>See</u> [Fed. R. Civ. P. 72(b)(2)](). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> [Santos-Santos v. Torres-Centeno](), 842 F.3d 163, 168 (1st Cir. 2016).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

January 14, 2021

cc:  Matthew Phillips, pro se